NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1851
_____

UNITED STATES OF AMERICA

v.

KAREEM MCBRIDE,
a/k/a ALIF HOLMES,
                    Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cr-00685-001)

District Judge: Honorable Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2015

Before: FUENTES, SLOVITER, and ROTH, *Circuit Judges*

(Opinion filed: August 24, 2015)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SLOVITER, *Circuit Judge*.

Kareem McBride appeals the judgment of conviction and sentence imposed by the United States District Court of the Eastern District of Pennsylvania, and his counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the following reasons, we will grant counsel's motion to withdraw and affirm the District Court's judgment and sentence.

I.

On October 12, 2012, McBride, while wearing a mask, entered a Philadelphia grocery store and pointed a revolver at a cashier. McBride demanded money from the cashier, who provided him with two $20 bills from the cash register. Unknown to McBride, the owner of the store (the cashier's husband) observed the robbery on a surveillance camera in the back of the store. He left the back room and confronted McBride with his own handgun. McBride then pointed his revolver at the store owner; the store owner shot at McBride multiple times in response. McBride fled the store, and the store owner gave chase; once outside, McBride again pointed his revolver at the store owner and the store owner shot McBride. The police responded to the shooting, placed McBride under arrest, and transported him to the hospital with at least two gunshot wounds. The police recovered McBride's revolver, mask, and the two $20 bills that he had stolen. The robbery was recorded on the store's surveillance cameras.

McBride entered an open guilty plea to a three-count indictment charging him with robbery in violation of 18 U.S.C. § 1951(a) ("Count I"), brandishing a firearm

during a crime of violence in violation of 18 U.S.C. § 924(c)(1) ("Count II"), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("Count III"). During a comprehensive plea hearing, the District Court determined that: McBride's plea was knowing and voluntary; and that he understood (A) what rights he was waiving by pleading guilty, (B) the maximum penalties and mandatory minimum sentence for the charged offenses, and (C) the procedure that the District Court would use to sentence him. The District Court satisfied itself that McBride understood all of the foregoing and accepted his guilty plea.

In its presentence investigation report ("PSR") the United States Probation Department determined that McBride was a career offender with an offense level of 29 and a criminal history category of VI, for a guideline range of 262 to 327 months. At sentencing, the District Court sustained two objections from McBride concerning the PSR's findings that McBride had fired his weapon and that he had restrained a victim.[1] Counsel for McBride stated that McBride did "not dispute that he technically qualifies as a career offender" but argued for a downward variance on the basis that McBride's prior convictions were all non-violent drug offenses, which evidenced a drug problem. App. at 100.

---

[1] The District Court's removal of the two-level sentencing enhancement applied prior to the career offender enhancement was inconsequential because McBride's career offender enhancement resulted in an automatic offense level of 32, before downward adjustments.

3

The District Court adopted the PSR's findings (as modified during sentencing) and calculated the guideline range to be between 262 to 327 months as a career offender.[2] The Court considered the seriousness of the offense, McBride's history, the necessity to deter McBride and others from committing similar crimes, the need for punishment, the need to protect the public, and counsel's arguments and letters before announcing an aggregate sentence of 180 months, three years of supervised release, and a $300 special assessment. McBride was sentenced to concurrent 96-month terms on Count I and Count III and a consecutive 84-month term on Count II. This timely appeal followed.

II.[3]

A criminal defendant's counsel may seek to withdraw from representing the defendant on appeal if counsel determines there are no nonfrivolous issues to challenge. *Anders*, 386 U.S. at 744; *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000). When counsel seeks to withdraw under *Anders* we must determine if counsel has "adequately fulfilled" the requirements of Third Circuit Local Appellate Rule 109.2(a) and "whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

We consider the adequacy of counsel's supporting brief, and determine if counsel thoroughly examined the record in search of appealable issues and explained why those

---

[2] The District Court determined that, had McBride *not* been considered a career offender, his offense level would have been 17 and the criminal history level would have been VI, for a guideline range of 135 to 147 months, including the mandatory 84-month sentence for violation of 18 U.S.C. § 924(c)(1)(A)(ii).

[3] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)

issues are frivolous. *Id.* Counsel is not required to raise and reject every possible claim, but "at a minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders*." *Id.* If the *Anders* brief is adequate, we limit our review to those issues raised in the *Anders* brief and the Appellant's *pro se* brief. *Id.* at 301. If we determine that there are no nonfrivolous grounds for appeal, we will grant counsel's motion to withdraw and affirm the District Court's judgment without appointing new counsel. *Id.* at 300 (citing Third Circuit L.A.R. 109.2(a)). In the event that counsel's *Anders* brief is inadequate, we may still affirm the conviction and sentence without appointing counsel if the "frivolousness [of the appeal] is patent." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) (internal quotation marks and citation omitted). Finally, if there is a nonfrivolous ground for appeal, we will appoint new counsel and order supplemental briefing. *Youla*, 241 F.3d at 300 (citing Third Circuit L.A.R. 109.2(a)).

A.

We find that counsel's *Anders* brief contains an adequate examination of potential appealable issues. Because McBride pleaded guilty, counsel focuses on three issues: (1) whether the District Court had jurisdiction; (2) whether the guilty plea was procedurally valid; and (3) whether the District Court imposed a legal and reasonable sentence. Counsel's *Anders* brief is adequate, and our examination of the identified issues reveals no nonfrivolous arguments. Therefore, we limit our inquiry to the issue raised in McBride's *pro se* brief.

B.

McBride raises one additional argument in his *pro se* brief, but, as it is frivolous, counsel did not need to present the argument in the *Anders* brief. McBride argues that the District Court erred by considering his two prior drug trafficking offenses as separate convictions because the sentencings were consolidated, and, because of this error, the District Court mistakenly determined he was a career offender.[4]

This argument is frivolous on its face. Pursuant to section 4B1.1(a) of the Guidelines, a defendant is considered a career offender if he was: (1) at least eighteen at the time of the instant offense; (2) the instant offense is a felony crime of violence or a controlled substance offense; and (3) the defendant has two or more prior felony convictions for crimes of violence or controlled substance offenses. "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2). "If there is no intervening arrest, prior sentences are counted separately unless . . . the sentences were imposed on the same day." *Id.*

McBride was arrested and charged with a controlled substance felony on July 11, 1999 after police observed him engaging in hand-to-hand narcotics sales, and he was found to be in possession of 2.5 grams of cocaine base and 6.5 grams of marijuana. On November 8, 2000, McBride was again arrested and charged with a controlled substance

---

[4] McBride raises this issue under two separate headings, but his argument under both headings is essentially the same.

felony after police observed him engage in hand-to-hand narcotics sales, and he was found to be in possession of 6.1 grams of cocaine base. McBride was sentenced on both offenses on February 6, 2001. Despite the fact that McBride was sentenced on both offenses on the same day, the offenses are nonetheless counted separately because the offenses were separated by an intervening arrest. *See United States v. Hankerson*, 496 F.3d 303, 311 n.5 (3d Cir. 2007). Accordingly, McBride's argument that he did not qualify as a career offender is without merit.[5]

### III.

We will grant counsel's motion to withdraw and affirm the District Court's judgment of conviction and sentence.

---

[5] We similarly find no merit to McBride's argument that *Descamps v. United States*, 133 S.Ct. 2276 (2013), limited the District Court's authority to determine McBride was a career offender. The Supreme Court held in *Descamps* that courts could not use extraneous documents to determine if a conviction under an "indivisible" statute—that is a statute with an indivisible set of elements, as opposed to elements in the alternative— qualified as a prior conviction for purposes of determining career offender status. *Id.* at 2281-82. This case is not implicated here, as there is no doubt based on our precedent that the statute under which McBride had been twice previously convicted is a divisible statute and that McBride's convictions qualify for career offender treatment. *United States v. Abbott*, 748 F.3d 154, 159 (3d Cir. 2014) (holding that Pennsylvania's drug trafficking statute, 35 Pa. Cons. Stat. § 780-113, is a divisible statute and noting that "possession with intent to distribute cocaine is a 'serious drug offense' and properly served as a predicate offense for the imposition of the fifteen-year minimum [career offender] sentence.")